## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES ex rel. JAMES MICHAEL HARRIS,** | Case No. 1:08-cv-3819 |
| Relator, | Judge Amy Totenberg |
| **v.** | |
| **LOCKHEED MARTIN CORPORATION**, | |
| Defendant. | |

## DEFENDANT LOCKHEED MARTIN CORPORATION'S ANSWER TO RELATOR'S FIRST AMENDED COMPLAINT

Defendant Lockheed Martin Corporation ("Lockheed Martin") hereby answers the First Amended Complaint ("FAC") of relator James Michael Harris ("Harris" or "Relator") as follows:

## **FIRST DEFENSE**

1.      Lockheed Martin denies the allegations in paragraph 1 of the FAC, except that it admits that Harris purports to bring this action under the False Claims Act, 31 U.S.C. § 3729 *et seq.* ("FCA").  Lockheed Martin denies that it has committed any violation of that statute.

1

2.      Lockheed Martin denies the allegations in paragraph 2 of the FAC.

3.      Lockheed Martin denies the allegations in paragraph 3 of the FAC.

4.      Lockheed Martin admits the allegations in paragraph 4 of the FAC.

5.      Lockheed Martin denies the allegations in paragraph 5 of the FAC.

6.      Lockheed Martin admits that it formerly employed Harris in Marietta, Georgia, that he worked in the Trim Shop, and that this employment ended in March 2007.  Lockheed Martin denies the remaining allegations in paragraph 6 of the FAC for want of knowledge.

7.      Lockheed Martin admits that Relator held the job of Trimmer (Job Code 548-3) during much of his employment, and that Trimmers did perform the kinds of work identified in paragraph 7 of the FAC.  Lockheed Martin denies the remaining allegations in paragraph 7 of the FAC.

8.      Lockheed Martin admits that Harris purports to bring this action under the provisions of the FCA, but denies that any violation of that statute has occurred.

9.      Lockheed Martin admits the allegations in paragraph 9 of the FAC.

10.      Lockheed Martin admits that the FCA confers jurisdiction over certain FCA cases to this Court, denies that there is jurisdiction over this case in light of

the first-to-file bar and public disclosure rule, and denies that any violation of that statute has occurred.

11.     Lockheed Martin denies the allegations in paragraph 11 of the FAC.

12.     Lockheed Martin lacks sufficient information upon which to form a belief as to the truth of the allegations concerning Relator's communications with the Government in paragraph 12 of the FAC, and therefore denies these allegations for want of knowledge, and further denies the remaining allegations in paragraph 12 of the FAC.

13.     Lockheed Martin denies the allegations in paragraph 13 of the FAC.

14.     Lockheed Martin denies the allegations in paragraph 14 of the FAC.

15.     Lockheed Martin denies the allegations in paragraph 15 of the FAC, except to admit that venue is proper in this Court, without conceding or waiving its jurisdictional defenses.

16.     Lockheed Martin admits that it manufactured trim parts for planes, but denies that it did so for all of the planes listed in the paragraph during the period at issue in this lawsuit.

17.     Lockheed Martin admits that the Trim Shop performs some of the work listed in paragraph 17 of the FAC, admits that the Trim Shop is part of (but

not all of) Department 3015, and denies the remaining allegations in paragraph 17 of the FAC.

18.    Lockheed Martin states that the terms of Firm Fixed-Price contracts speak for themselves, and denies the allegations in paragraph 18 of the FAC to the extent that they conflict with the terms of specific and actual contracts.

19.    Lockheed Martin states that the terms of Firm Fixed-Price contracts speak for themselves, and denies the allegations in paragraph 19 of the FAC to the extent they are inconsistent with specific and actual contracts.

20.    Lockheed Martin states that the terms of cost plus fixed fee contracts speak for themselves, and denies knowledge sufficient to form a belief as to the intentions of the parties entering into contracts to which it is not a party, or the intention of the Government in entering into any particular contract, as no such specific contract is identified in paragraph 20 of the FAC.

21.    Lockheed Martin admits that the C-130 is being manufactured for the United States and other entities by Lockheed Martin, states that the F-22 is supplied only to the United States, and that the other planes are not currently being manufactured, and denies the remaining allegations in paragraph 21 of the FAC.

22.     Lockheed Martin states that the contracts speak for themselves and denies any allegations in paragraph 22 of the FAC to the extent they are inconsistent with the contracts.

23.     Lockheed Martin states that the contracts speak for themselves, and denies any remaining allegations in paragraph 23 of the FAC to the extent they are inconsistent with contract terms.

24.     Lockheed Martin states that the contracts speak for themselves, and denies any allegations in paragraph 24 of the FAC to the extent they are inconsistent with the contracts.

25.     Lockheed Martin denies the allegations in paragraph 25 of the FAC.

26.     Lockheed Martin denies the allegations in paragraph 26 of the FAC.

27.     Lockheed Martin lacks sufficient information upon which to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 27 of the FAC for want of knowledge.

28.     Lockheed Martin lacks sufficient information upon which to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 28 of the FAC for want of knowledge.

29.     Lockheed Martin denies the allegations in paragraph 29 of the FAC.

30.     Lockheed Martin denies the allegations in paragraph 30 of the FAC.

5

31.     Lockheed Martin denies the allegations in paragraph 31 of the FAC.

32.     Lockheed Martin admits that Shop Floor Manager shows a series of operational steps, and denies the remaining allegations in paragraph 32 of the FAC.

33.     Lockheed Martin denies the allegations in paragraph 33 of the FAC.

34.     Lockheed Martin denies the allegations in paragraph 34 of the FAC.

35.     Lockheed Martin denies the allegations in paragraph 35 of the FAC.

36.     Lockheed Martin denies the allegations in paragraph 36 of the FAC.

37.     Lockheed Martin denies the allegations in paragraph 37 of the FAC.

38.     Lockheed Martin denies the allegations in paragraph 38 of the FAC.

39.     Lockheed Martin denies the allegations in paragraph 39 of the FAC.

40.     Lockheed Martin denies the allegations in paragraph 40 of the FAC.

41.     Lockheed Martin denies the allegations in paragraph 41 of the FAC.

42.     Lockheed Martin denies the allegations in paragraph 42 of the FAC.

43.     Lockheed Martin denies the allegations in paragraph 43 of the FAC.

44.     Lockheed Martin denies the allegations in paragraph 44 of the FAC.

45.     Lockheed Martin admits that Relator received the award as a member of a team that revised the assembly of the C-130 auxiliary power unit fire shield, and denies the remaining allegations in paragraph 45 of the FAC.

46.     Lockheed Martin denies the allegations in paragraph 46 of the FAC.

47.     Lockheed Martin denies the allegations in paragraph 47 of the FAC.

48.     Lockheed Martin denies the allegations in paragraph 48 of the FAC, and further notes that this series of allegations was dismissed as untimely.

49.     Lockheed Martin denies the allegations in paragraph 49 of the FAC, and again notes that this series of allegations was dismissed as untimely.

50.     Lockheed Martin denies the allegations in paragraph 50 of the FAC, and again notes that this series of allegations was dismissed as untimely.

51.     Lockheed Martin denies the allegations in paragraph 51 of the FAC.

52.     Lockheed Martin denies the allegations in paragraph 52 of the FAC.

53.     Lockheed Martin denies the allegations in paragraph 53 of the FAC.

54.     Lockheed Martin denies the allegations in paragraph 54 of the FAC.

55.     Lockheed Martin denies the allegations in paragraph 55 of the FAC.

56.     Lockheed Martin denies the allegations in paragraph 56 of the FAC.

57.     Lockheed Martin denies the allegations in paragraph 57 of the FAC.

58.     Lockheed Martin denies the allegations in paragraph 58 of the FAC.

59.     Lockheed Martin denies the allegations in paragraph 59 of the FAC.

60.     Lockheed Martin denies the allegations in paragraph 60 of the FAC.

61.     Lockheed Martin denies the allegations in paragraph 61 of the FAC.

62.     Lockheed Martin denies the allegations in paragraph 62 of the FAC.

63.     Lockheed Martin denies the allegations in paragraph 63 of the FAC, except to admit that Lockheed Martin produced C-130 aircraft for the United States Government under fixed-price contracts.

64.     Lockheed Martin denies the allegations in paragraph 64 of the FAC.

65.     Lockheed Martin denies the allegations in paragraph 65 of the FAC.

66.     Lockheed Martin denies the allegations in paragraph 66 of the FAC.

67.     Lockheed Martin denies the allegations in paragraph 67 of the FAC.

68.     Lockheed Martin denies the allegations in paragraph 68 of the FAC.

69.     Lockheed Martin denies the allegations in paragraph 69 of the FAC.

70.     Lockheed Martin denies the allegations in paragraph 70 of the FAC.

71.     Lockheed Martin denies the allegations in paragraph 71 of the FAC.

72.     Lockheed Martin denies the allegations in paragraph 72 of the FAC.

73.     Lockheed Martin denies the allegations in paragraph 73 of the FAC.

74.     Lockheed Martin denies the allegations in paragraph 74 of the FAC.

75.     Lockheed Martin denies the allegations in paragraph 75 of the FAC.

76.     Lockheed Martin denies the allegations in paragraph 76 of the FAC.

77.     Lockheed Martin denies the allegations in paragraph 77 of the FAC.

78.     Lockheed Martin denies the allegations in paragraph 78 of the FAC.

79.     Lockheed Martin denies the allegations in paragraph 79 of the FAC.

80.     Lockheed Martin denies the allegations in paragraph 80 of the FAC.

81.     Lockheed Martin denies the allegations in paragraph 81 of the FAC.

82.     Lockheed Martin denies the allegations in paragraph 82 of the FAC.

83.     Lockheed Martin denies the allegations in paragraph 83 of the FAC.

84.     Lockheed Martin denies the allegations in paragraph 84 of the FAC.

85.     Lockheed Martin denies the allegations in paragraph 85 of the FAC.

86.     Lockheed Martin admits that it submits invoices to the Government, and denies the remaining allegations in paragraph 86 of the FAC.

87.     Lockheed Martin denies the allegations in paragraph 87 of the FAC.

88.     Lockheed Martin denies the allegations in paragraph 88, and notes that payment procedures vary under its various contracts.

89.     Lockheed Martin denies the allegations in paragraph 89 of the FAC.

90.     Lockheed Martin denies the allegations in paragraph 90 of the FAC.

91.     Lockheed Martin denies the allegations in paragraph 91 of the FAC for want of knowledge, except to admit that Lockheed Martin has received payment from the United States.

92.     Lockheed Martin denies the allegations in paragraph 92 of the FAC.

93.     Lockheed Martin denies the allegations in paragraph 93 of the FAC.

94.     Lockheed Martin states that its contracts and the regulations speak for themselves, and denies the remaining allegations in paragraph 94 of the FAC.

95.     Lockheed Martin states that the provisions of FAR 31.2 speak for themselves.

96.     Lockheed Martin states that the allegations in paragraph 96 of the FAC constitute a legal conclusion to which no response is required.

97.     Lockheed Martin states that the provisions of FAR 45.505 speak for themselves.

98.     Lockheed Martin denies the allegations in paragraph 98 of the FAC.

99.     Lockheed Martin states that the provisions of 10 U.S.C. § 2306a speak for themselves.

100.    Lockheed Martin denies the allegations in paragraph 100 of the FAC.

101.    Lockheed Martin denies the allegations in paragraph 101 of the FAC.

102.    Lockheed Martin denies the allegations in paragraph 102 of the FAC.

103.    Lockheed Martin denies the allegations in paragraph 103 of the FAC.

104.    Lockheed Martin denies the allegations in paragraph 104 of the FAC.

105.    Lockheed Martin admits that that its parts are inspected in accordance with its quality procedures, and that disposition of nonconforming parts is

10

performed in compliance with these procedures, and denies the remaining allegations in paragraph 105 of the FAC.

106.   Lockheed Martin denies the allegations in paragraph 106 of the FAC.

107.   Lockheed Martin denies the allegations in paragraph 107 of the FAC.

108.   Lockheed Martin denies the allegations in paragraph 108 of the FAC.

109.   Lockheed Martin denies the allegations in paragraph 109 of the FAC.

110.   Lockheed Martin denies the allegations in paragraph 110 of the FAC.

111.   Lockheed Martin denies the allegations in paragraph 111 of the FAC.

112.   Lockheed Martin denies the allegations in paragraph 112 of the FAC.

113.   Lockheed Martin denies the allegations in paragraph 113 of the FAC.

114.   There is no paragraph numbered 114, and no response is required.

115.   Lockheed Martin states that the FAR regulations speak for themselves, and denies the remaining allegations in paragraph 115 of the FAC.

116.   Lockheed Martin denies the allegations in paragraph 116 of the FAC.

117.   Lockheed Martin denies the allegations in paragraph 117 of the FAC.

118.   Lockheed Martin denies the allegations in paragraph 118 of the FAC.

119.   Lockheed Martin denies the allegations in paragraph 119 of the FAC.

120.   Lockheed Martin denies the allegations in paragraph 120 of the FAC.

121.   Lockheed Martin denies the allegations in paragraph 121 of the FAC.

122.   Lockheed Martin admits that the Earned Value Management system at Fort Worth was decertified in October 2010, notes that it was not decertified in Marietta, and denies the remaining allegations in paragraph 122 of the FAC.

123.   Lockheed Martin admits the allegations in paragraph 123 of the FAC.

124.   Lockheed Martin denies the allegations in paragraph 124 of the FAC.

125.   Lockheed Martin denies the allegations in paragraph 125 of the FAC.

126.   Lockheed Martin denies the allegations in paragraph 126 of the FAC.

127.   Lockheed Martin denies the allegations in paragraph 127 of the FAC.

128.   Lockheed Martin denies the allegations in paragraph 128 of the FAC.

129.   Lockheed Martin denies the allegations in paragraph 129 of the FAC.

130.   Lockheed Martin denies the allegations in paragraph 130 of the FAC.

131.   Lockheed Martin denies the allegations in paragraph 131 of the FAC.

132.   Lockheed Martin denies the allegations in paragraph 132 of the FAC.

133.   Lockheed Martin admits that Relator left his employment with Lockheed Martin and then returned, and that he did perform some work on the F-22 and C-5 RERP during his tenure in the Trim Shop, denies knowledge to form a sufficient belief as to his activities while he was not employed at Lockheed Martin, and therefore denies this allegation for want of knowledge, and denies the remaining allegations in paragraph 133 of the FAC.

134.   Lockheed Martin denies the allegations in paragraph 134 of the FAC.

135.   Lockheed Martin denies the allegations in paragraph 135 of the FAC for want of knowledge.

136.   Lockheed Martin denies the allegations in paragraph 136 of the FAC for want of knowledge.

137.   Lockheed Martin denies the allegations in paragraph 137 of the FAC.

138.   Lockheed Martin denies the allegations in paragraph 138 of the FAC.

139.   Lockheed Martin denies the allegations in paragraph 139 of the FAC.

140.   Lockheed Martin denies there was any illegal billing, and lacks sufficient information upon which to form a belief as to the truth of the allegations concerning Relator's communications with the Mr. Goins in paragraph 140 of the FAC, and therefore denies the remaining allegations for want of knowledge.

141.   Lockheed Martin lacks sufficient information upon which to form a belief as to the truth of the allegations in paragraph 141 of the FAC, and therefore denies the allegations for want of knowledge.

142.   Lockheed Martin denies that there was any falsification of records, admits that Harris received a notice for his bad behavior, and lacks sufficient information upon which to form a belief as to the truth of the remaining allegations

13

in paragraph 142 of the FAC, and therefore denies these allegations for want of knowledge.

143.   Lockheed Martin denies the allegations in paragraph 143 of the FAC.

144.   Lockheed Martin denies the allegations in paragraph 144 of the FAC.

145.   Lockheed Martin denies the allegations in paragraph 145 of the FAC, except to admit that Relator was assigned to work in the Manufacturing Research Department for a period.

146.   Lockheed Martin denies the allegations in paragraph 146 of the FAC.

147.   Lockheed Martin denies the allegations in paragraph 147 of the FAC.

148.   Lockheed Martin denies the allegations in paragraph 148 of the FAC.

149.   Lockheed Martin denies the allegations in paragraph 149 of the FAC.

150.   Lockheed Martin lacks sufficient information upon which to form a belief as to the truth of the allegations in paragraph 150 of the FAC, and therefore denies these allegations for want of knowledge.

151.   Lockheed Martin lacks sufficient information upon which to form a belief as to the truth of the allegations concerning Relator's communications with his doctor in paragraph 151 of the FAC, and therefore denies these allegations for want of knowledge, and further denies the remaining allegations in paragraph 151 of the FAC.

152.   Lockheed Martin denies the allegations in paragraph 152 of the FAC.

153.   Lockheed Martin denies the allegations in paragraph 153 of the FAC.

154.   Lockheed Martin admits that Relator's employment was terminated, but specifically denies that the cause of that termination was related to Relator's alleged complaints.

155.   Lockheed Martin repeats and incorporates its responses to paragraphs 1 through 154 as if fully set forth herein.

156.   Lockheed Martin denies the allegations in paragraph 156 of the FAC.

157.   Lockheed Martin denies the allegations in paragraph 157 of the FAC.

158.   Lockheed Martin denies the allegations in paragraph 158 of the FAC.

159.   Lockheed Martin denies the allegations in paragraph 159 of the FAC.

160.   Lockheed Martin repeats and incorporates its responses to paragraphs 1 through 159 as if fully set forth herein.

161.   Lockheed Martin denies the allegations in paragraph 161 of the FAC.

162.   Lockheed Martin denies the allegations in paragraph 162 of the FAC.

163.   Lockheed Martin denies the allegations in paragraph 163 of the FAC.

164.   Lockheed Martin repeats and incorporates its responses to paragraphs 1 through 163 as if fully set forth herein.

165.   Lockheed Martin denies the allegations in paragraph 165 of the FAC.

166.    Lockheed Martin denies the allegations in paragraph 166 of the FAC.

167.    Lockheed Martin denies the allegations in paragraph 167 of the FAC.

168.    Lockheed Martin denies the allegations in paragraph 168 of the FAC.

169.    Lockheed Martin denies the allegations in paragraph 169 of the FAC.

170.    Lockheed Martin denies the allegations in paragraph 170 of the FAC.

171.    Lockheed Martin denies the allegations in paragraph 171 of the FAC.

172.    Lockheed Martin denies the allegations in paragraph 172 of the FAC.

173.    Lockheed Martin denies the allegations in paragraph 173 of the FAC.

174.    Lockheed Martin denies the allegations in paragraph 174 of the FAC.

175.    Lockheed Martin denies the allegations in paragraph 175 of the FAC.

176.    The remaining paragraphs in the FAC are a prayer for relief, to which no answer is required.  To the extent an answer is required, Lockheed Martin denies that Relator is entitled to the relief sought.

## SECOND DEFENSE

The FAC fails to state a claim against Lockheed Martin upon which relief can be granted.

## THIRD DEFENSE

Lockheed Martin denies each and every material allegation of the FAC upon which Relator relies in seeking to impose liability on Lockheed Martin.

16

## THIRD DEFENSE

Relator's claims are barred in whole or in part by the applicable statute of limitations.

## FOURTH DEFENSE

Relator's claims are barred in whole or in part by the doctrine of laches, waiver, and/or estoppel.

## FIFTH DEFENSE

Any claim of conspiracy alleged by Relator fails to state a cause of action upon which relief can be granted.

## SIXTH DEFENSE

Relator is barred from any recovery based on any alleged claim of conspiracy because there was no specific intent, conscious agreement, or common design or purpose on the part of Lockheed Martin to injure the United States and/or others.

## SEVENTH DEFENSE

The Court lacks subject matter jurisdiction to hear some or all of the claims asserted by Relator.

## EIGHTH DEFENSE

Relator's claims are barred, in whole or in part, because they are not pled with legally sufficient particularity as required by Federal Rule of Civil Procedure 9(b) and/or any other applicable pleading requirements.

## NINTH DEFENSE

Relator's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## TENTH DEFENSE

Relator's claims are barred, in whole or in part, by prior agreements and/or releases, such as the settlement agreement by which Harris released all claims related to the subject of his employment.

WHEREFORE, having fully answered Relator's FAC, Lockheed Martin prays that the FAC be dismissed with prejudice, that judgment be rendered in favor of Lockheed Martin, that Relator be assed all costs of this action, that Lockheed Martin recover its attorneys' fees and expenses, and that Lockheed Martin receive such other and further relief as this Court deems just and proper.

18

## JURY DEMAND

Lockheed Martin demands a trial by jury.

Respectfully submitted this 23rd day of March, 2012.

*/s/Glenn V. Whitaker*
Glenn V. Whitaker (admitted pro hac vice)
Victor A. Walton (admitted pro hac vice)
Jeffrey A. Miller (admitted pro hac vice)
Joseph M. Brunner (admitted pro hac vice)
**Vorys, Sater, Seymour and Pease LLP**
Suite 2000, Atrium Two
221 East Fourth Street
Cincinnati, OH 45202
Tel: (513) 723-4000
Fax: (513) 723-4056
Email:      gvwhitaker@vorys.com
            vawalton@vorys.com
            jamiller@vorys.com
            jmbrunner@vorys.com

Stanford Glenn Wilson (GA Bar # 768175)
Joshua H. Viau (GA Bar # 378557)
**Elarbee Thompson Sapp & Wilson**
229 Peachtree Street, N.E.
800 International Tower
Atlanta, GA 30303-1614
Tel: (404) 659-6700
Email:      swilson@elarbeethompson.com
            viau@elarbeethompson.com

*Trial Attorneys for Defendant Lockheed Martin Corporation*

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 23rd of March, 2012, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties and counsel may access this filing through the Court's electronic filing system.

*/s/Glenn V. Whitaker*
Glenn V. Whitaker (admitted pro hac vice)